UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation, | Case No. 2:23-cv-6264-MRA-AGR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| THE GOOD FASTENER LLC, a California Limited Liability Company; CHERI LIU, a California individual; and JUSTIN OH, a California individual, | |
| Defendants. | |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them

1  to file confidential information under seal; Civil Local Rule 79-5 sets forth the

2  procedures that must be followed and the standards that will be applied when a party

3  seeks permission from the court to file material under seal.

4        B.  <u>GOOD CAUSE STATEMENT</u>

5        This action is likely to involve discovery into the sourcing of purportedly

6  counterfeit items, advertising methods, customer lists, revenues, marketing budgets,

7  and other valuable commercial, financial, technical, and manufacturing information

8  for which special protection from public disclosure and from use for any purpose

9  other than prosecution of this action is warranted.  Such confidential materials and

10 information consist of, among other things, sourcing of materials bearing the

11 CHANEL Marks or sourcing materials for the alleged products/artwork at issue in

12 the case; advertising, promotion, and sale of products bearing the CHANEL Marks;

13 revenues earned from the sale of products bearing the CHANEL Marks; confidential

14 business or financial information; information regarding confidential business

15 practices, commercial information (including information implicating privacy rights

16 of third parties); information otherwise generally unavailable to the public; or which

17 may be privileged or otherwise protected from disclosure under state or federal

18 statutes, court rules, case decisions, or common law.  Accordingly, to expedite the

19 flow of information, to facilitate the prompt resolution of disputes over

20 confidentiality of discovery materials, to adequately protect information the parties

21 are entitled to keep confidential, to ensure that the parties are permitted reasonable

22 necessary uses of such material in preparation for and in the conduct of trial, to

23 address their handling at the end of the litigation, and serve the ends of justice, a

24 protective order for such information is justified in this matter.  It is the intent of the

25 parties that information will not be designated as confidential for tactical reasons

26 and that nothing be so designated without a good faith belief that it has been

27 maintained in a confidential, non-public manner, and there is good cause why it

28 should not be part of the public record of this case.

2.  <u>DEFINITIONS</u>

2.1  <u>Action</u>:  This case, *Chanel v. The Good Fastener, LLC*, Case No. 2:23-cv-6264-KK-AGR.

2.2  <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3  <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4  <u>"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm or injury or significant competitive or commercial disadvantage that could not be avoided by less restrictive means.

2.5  <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6  <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.7  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12     Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.16     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

-4-

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

1        If it comes to a Designating Party's attention that information or items that it

2  designated for protection do not qualify for protection, that Designating Party must

3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

5  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7  under this Order must be clearly so designated before the material is disclosed or

8  produced.

9        Designation in conformity with this Order requires:

10         (a)    for information in documentary form (e.g., paper or electronic

11  documents, but excluding transcripts of depositions or other pretrial or trial

12  proceedings), that the Producing Party affix at a minimum, the legend

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES

14  ONLY" to each page that contains protected material.  If only a portion or portions

15  of the material on a page qualifies for protection, the Producing Party also must

16  clearly identify the protected portion(s) (e.g., by making appropriate markings in the

17  margins).

18        A Party or Non-Party that makes original documents available for inspection

19  need not designate them for protection until after the inspecting Party has indicated

20  which documents it would like copied and produced.  During the inspection and

21  before the designation, all of the material made available for inspection shall be

22  deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."   After

23  the inspecting Party has identified the documents it wants copied and produced,

24  the Producing Party must determine which documents, or portions thereof, qualify

25  for protection under this Order.  Then, before producing the specified documents,

26  the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL— ATTORNEYS' EYES ONLY" legend to each page that

28  contains Protected Material.  If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals authorized to see Protected Material pursuant to this Order are present at those proceedings.  The Designating Party shall have the right to have all persons except the deponent and his or her counsel, the court reporter, and such other persons as are permitted under Paragraphs 7.2 and 7.3 below, excluded from a deposition, or any portion thereof, as appropriate, before the taking therein of the testimony that the Designating Party designates as Protected Material under this Agreement.  The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The entirety of any deposition transcript (preliminary or final) shall be treated from the time such transcript is received until the time for designation set forth herein passes as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  The foregoing does not, and is not intended to, prohibit an officer, director, or employee (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action from attending a deposition.

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material:  (i) on the record, before the close of the deposition all protected testimony; or (ii) within 21 days following receipt of the final deposition transcript, by written notice to counsel of record for any signatory.

Only those portions of the testimony that are appropriately designated for protection within the 21 days following transcript receipt shall be covered by the provisions of this Order.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "HIGHLY CONFIDENTIAL " or "CONFIDENTIAL— ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) such persons are advised of and agree to their obligations under this Order; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     House Counsel to whom disclosure is reasonably necessary for this Action.  House Counsel shall not any share information from documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with any other officers, directors, and employees of the Receiving Party and shall also sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), and as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) such persons are advised of and agree to their obligations under this Order; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     <u>Procedures for Approving or Objecting to Disclosure of Protected Material or Items to Designated Experts</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated Protected Material pursuant to this Order first must provide written notice of intention of disclosure to the Designating Party that (1) identifies the general categories, i.e. "technical

information" or "financial information," of the Protected Material  that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary business address or, if none, residence address, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s).

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. The Parties shall not unreasonably object to the disclosure of information and documents to an Expert. If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents, but shall have the right to bring the dispute before the Court for resolution.

(c)     All challenges to objections from the Designating Party shall proceed under Local Rule 37.1 et seq.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," that Party must:

1        (a)     promptly notify in writing the Designating Party.  Such

2  notification shall include a copy of the subpoena or court order;

3        (b)     promptly notify in writing the party who caused the subpoena or

4  order to issue in the other litigation that some or all of the material covered by the

5  subpoena or order is subject to this Protective Order.  Such notification shall include

6  a copy of this Stipulated Protective Order; and

7        (c)     cooperate with respect to all reasonable procedures sought to be

8  pursued by the Designating Party whose Protected Material may be affected.

9        If the Designating Party timely seeks a protective order, the Party served with

10  the subpoena or court order shall not produce any information designated in this

11  action as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL— ATTORNEYS'

12  EYES ONLY" before a determination by the court from which the subpoena or

13  order issued, unless the Party has obtained the Designating Party's permission.  The

14  Designating Party shall bear the burden and expense of seeking protection in that

15  court of its confidential material and nothing in these provisions should be construed

16  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

17  directive from another court.

18  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

19        PRODUCED IN THIS LITIGATION

20        (a)     The terms of this Order are applicable to information produced

21  by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL— ATTORNEYS' EYES ONLY."  Such information produced

23  by Non-Parties in connection with this litigation is protected by the remedies and

24  relief provided by this Order.  Nothing in these provisions should be construed as

25  prohibiting a Non-Party from seeking additional protections.

26        (b)     In the event that a Party is required, by a valid discovery request,

27  to produce a Non-Party's confidential information in its possession, and the Party is

28

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

>    (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

>    (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

>    (3)    make the information requested available for inspection by the Non-Party, if requested.

>    (c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) certifies that all Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of its entire file even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  March 11, 2024          By: /s/Paul A. Bost
                                    Jill M. Pietrini
                                    Theodore C. Max
                                    Paul A. Bost

                                    *Attorneys for Plaintiff* CHANEL, INC.

TROJAN LAW OFFICES

Dated:  March 11, 2024

By: /s/R. Joseph Trojan
     R. Joseph Trojan
     Dylan C. Dang
     Francis Wong

     *Attorneys for Defendants* THE GOOD
     FASTENER LLC, CHERI LIU, and JUSTIN
     OH

SMRH:4879-5427-0374.5

## <u>FILER ATTESTATION</u>

The undersigned attests that he obtained permission from all signatories to apply their e-signature, and that they have concurred in the filing's content and authorized the filing.

Dated:  March 11, 2024

By: /s/Paul A. Bost

Paul A. Bost

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  April 5, 2024

Alicia G Rosenberg
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Chanel v. The Good Fastener, LLC*, Case No. 2:23-cv-6264-KK-AGR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of ___ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____