JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE GOOD FASTENER LLC, a California limited liability company; CHERI LIU, a California individual; and JUSTIN OH, a California individual,<br><br>　　　　Defendants. | Case No. 2:23-cv-6264-MRA-AGR<br><br>**STIPULATED PERMANENT INJUNCTION** |

　　　　IT IS HEREBY STIPULATED by and between plaintiff Chanel, Inc., a New York corporation ("Chanel"), and defendants The Good Fastener LLC ("Good Fastener"), Cheri Liu, and Justin Oh (collectively, "Defendants"), that a Permanent Injunction shall be entered to fully and finally dispose of this action and that the Permanent Injunction be as follows:

　　　　WHEREAS, Chanel offers for sale and sells goods and services under the CHANEL mark, the CC monogram mark, and other marks related to or derived therefrom (the "CHANEL Marks") and, consequently, owns common law rights in and federal registrations of the following CHANEL Marks:

| **Trademark** | **Reg. No.** | **Registration Date** | **Goods** |
|---|---|---|---|
| CHANEL | 626,035 | May 1, 1956 | Women's handbags |
| CHANEL | 902,190 | November 10, 1970 | Bracelets, pins and earrings |
| CC Monogram | 1,314,511 | January 15, 1985 | Leather goods namely, handbags |
| CHANEL | 1,347,677 | July 9, 1985 | Leather goods namely, handbags |
| CC Monogram | 1,501,898 | August 30, 1988 | Costume jewelry |
| CHANEL | 1,733,051 | November 17, 1992 | Leather goods namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| CC Monogram | 1,734,822 | November 24, 1992 | Leather goods namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| CC and Design | 3,025,934 | Dec. 13, 2005 | Handbags |
| [perfume bottle design] | 2,382,784 | September 5, 2000 | Perfume, eau de parfum |

WHEREAS, Defendants design, distribute, and sell jewelry and other items that use or incorporate materials or components bearing the CHANEL Marks or Chanel materials or components without Chanel's authorization;

WHEREAS, Defendants display, advertise, and promote these items on the internet, including, but not limited to, on the websites on https://thegoodfastener.com and https://hourlygood.com and the Instagram account @goodfastener;

WHEREAS, on August 2, 2023, Chanel filed this action against Defendants seeking damages and injunctive relief for trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin in violation of 15 U.S.C. § 1125(a), trademark dilution in violation of 15 U.S.C. § 1125(c), common law trademark infringement, and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

WHEREAS, the parties have agreed to resolve this action by stipulating to the terms of Permanent Injunction set forth herein and, further, agree to be bound by the terms of Permanent Injunction set forth herein regardless of whether and to what extent the Court includes each of the terms in its Permanent Injunction based hereon;

WHEREAS, the parties represent and warrant that they have not assigned, transferred, or encumbered any of the intellectual property identified or claims addressed in this Permanent Injunction;

WHEREAS, this Court has jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, and 15 U.S.C. § 1121;

THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:

1. <u>Permanent Injunction – Intellectual Property</u>.  Defendants and, as applicable, their officers, agents, servants, directors, employees, partners, affiliated companies, representatives, assigns, successors, related companies, and attorneys,

and all persons in active concert or participation with Defendants or with any of the foregoing who receive notice of this Permanent Injunction by personal service of otherwise, including, but not limited to, Hourly Good LLC, be permanently enjoined from:

    a. Manufacturing, transporting, promoting, importing, advertising, publicizing, displaying (including, but not limited to, posting to the internet, any website, or any social media account), distributing, offering for sale, or selling any items, goods, or services bearing or under the CHANEL Marks, or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any items, goods, or services that Defendants caused to enter the stream of commerce or any of Defendants' commercial activities are sponsored or licensed by Chanel, are authorized by Chanel, or are connected or affiliated in some way with Chanel or the CHANEL Marks;

    b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any items, goods, or services offered under the CHANEL Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the CHANEL Marks;

    c. Implying Chanel's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' items, goods, services, or commercial activities or passing off Defendants' business as that of Chanel;

    d. Representing or implying that Defendants are in any way sponsored by, affiliated with, or licensed by Chanel;

    e. Challenging or interfering with the validity of Chanel's ownership or registration of the CHANEL Marks; and

    f. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in Paragraphs 2a. to 2.e. above.

  2. <u>Ownership and Validity of the CHANEL Marks</u>.  Chanel is the exclusive owner of the CHANEL Marks, and such marks are valid and protectable.

  3. <u>Violation of this Permanent Injunction</u>.  Should Defendants or any one of them materially violate any provision of this Permanent Injunction, materially fail to comply with any of the obligations contained in this Permanent Injunction, or make any material error or omission in any of the representations contained in this Permanent Injunction, and if such violation is not curable or, if after notice of the violation(s) by Chanel, Defendants fail to cure the same within five (5) business days of notice, Chanel shall be entitled to pursue claims for breach and seek remedies for contempt including all relief under 18 U.S.C. § 401, *et. seq*.  Prior to seeking a finding of contempt based on a failure to comply with any of the curable obligations of this Permanent Injunction, Chanel shall first provide Defendants with notice of the violation and Defendants with five (5) business days to cure.  Chanel shall not be obligated to provide notice of any errors or omissions in any of the representations before seeking contempt.  Further, following its initial notice to cure, Chanel shall not be obligated to provide notice of any subsequent violations of the Permanent Injunction to Defendants before seeking a finding of contempt.

  None of Defendants shall challenge the issuance or entry of this Permanent Injunction, its validity, or Defendants' understanding of or knowledge of the terms of this Permanent Injunction.  Further, should a Court find Defendants or any one of them in contempt of this Permanent Injunction none of Defendants shall challenge Chanel's rights to any of the relief identified above.

  4. <u>Binding Effect</u>.  This Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, officers, affiliated companies, directors, members, agents, and other persons who are in active concert

or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

    5.    <u>Continuing Jurisdiction</u>.  This Court shall retain jurisdiction to enforce this Permanent Injunction and the parties' agreements made herein.

    6.    <u>No Territorial Limit</u>.  This Permanent Injunction shall be enforceable against any of Defendants for any acts that violate this Permanent Injunction that occur inside and/or outside of the United States of America.

    7.    <u>Waiver of Appellate Rights</u>.  This Permanent Injunction is not appealable.

Dated: July 5, 2024

By /s/Paul A. Bost
Jill M. Pietrini
Theodore C. Max
Paul A. Bost
*Attorneys for Plaintiff* CHANEL, INC.

Dated: July 5, 2024

By /s/Joseph Trojan
R. Joseph Trojan
*Attorney for Defendant* GOOD FASTENER LLC

Dated: July 5, 2024

/s/Joseph Trojan
R. Joseph Trojan
*Attorney for Defendant* CHERI LIU

Dated: July 5, 2024

/s/Joseph Trojan
R. Joseph Trojan
*Attorney for Defendant* JUSTIN OH

SO ORDERED.

Date: July 08, 2024

Honorable Mónica Ramírez Almadani
United States District Judge

SMRH:4854-8054-6883.4

-6-